UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case No. 2:10-cv-2107 JVS (MLGx) | Date | June 13, 2012 |
| Title | Essociate, Inc. v. Direct ROI, Inc. | | |

Present: The Honorable    James V. Selna

| Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order DENYING Plaintiff's Motion for Summary Judgment (Docket No. 173)**

Plaintiff Essociate, Inc. ("Essociate") commenced this action against several defendants including Direct ROI. (Compl. p. 1, Docket No. 1.) It alleges defendant Direct ROI, LLC ("Direct ROI") directly and indirectly infringes U.S Patent No. 6,804,660 ("the '660 Patent") covering in part a method for internet based affiliate pooling. (Id. at ¶¶ 17-19; Du Wors Decl. Ex. A ("'660 Patent").)

Essociate now moves pursuant to Federal Rule of Civil Procedure 56 for summary adjudication "finding [Direct ROI] liable for infringing claim 1 of [the '660 Patent]" through operation of its affiliate marketing system. (Mot. Notice 2, Docket No. 173.) Direct ROI opposes. For the following reasons, the motion is DENIED

I.    DISCUSSION

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. "A district court should approach a motion for summary judgment on the fact issue of infringement with great care." Cole v. Kimberly-Clark Corp., 102 F.3d 524, 528 (Fed. Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   Case No. 2:10-cv-2107 JVS (MLGx)     Date   June 13, 2012

Title   Essociate, Inc. v. Direct ROI, Inc.

Essociate has provided a Statement of Uncontroverted Fact ("SUF") but it includes no citations to evidence. (See SUF, Docket No. 173-2.) Direct ROI has not provided a Statement of Genuine Disputes ("SGD") to set forth any material facts it contends there is a genuine dispute over. See L.R. 56-2. When not included in a SGD, "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." L.R. 56-3. This leaves the Court neither somewhat at loose ends because while Direct ROI failed to provide genuine disputes of fact, Essociate failed to provide adequate support for its claimed facts.

Essociate does cite to specific evidence in its brief. (See Mot. Br.) It relies extensively on the declaration of Michael Landau, one of the '660 Patent's inventors and Essociate's Chief Technology Officer, to establish the presence of several claim elements in Direct ROI's affiliate system. (See Mot. Br. 4-8; 10-18.) Direct ROI argues that Landau's testimony is "frequently not based upon personal knowledge, as required under F.R.E. 602, and in may cases constitutes hearsay." (Opp'n Br. 3.) Essociate responds and represents that Landau was timely disclosed as an expert witness. (Rep. Br. 2, Docket No. 196.) Further, it points out that Direct ROI fails to note the specific instances of hearsay or lack of personal knowledge. (Id.)

The Court "may only consider admissible evidence in ruling on a motion for summary judgment." Ballen v. City of Redmond, 466 F.3d 736, 745 (9th Cir. 2006) (citation omitted). However, an objection that is too generalized can be overruled because "[t]he burden is on defendants to state their objections with specificity." Burch v. Regents of University of California, 433 F. Supp. 2d 1110, 1124 (E.D. Cal. 2006). While Direct ROI's objections to Landau's declaration lack specificity, upon examination possible foundation problems are apparent.

Federal Rule of Evidence ("FRE") 602 "does not apply to a witness's expert testimony under Rule 703." FRE 602. If Landau was properly designated and disclosed as an expert witness, other rules govern the admissibility of his declaration. FRE 702 dictates when expert testimony is admissible and can be considered for summary judgment. Sun-Mate Corp. v. Koolatron Corp., 2011 WL 3322597 at *5 (C.D. Cal. 2011). Rule 702 has several requirements but Direct ROI's objection is most applicable to (b), "the testimony is based on sufficient facts or data." FRE 702(b). "It is well established that '[a]n expert's testimony will not support a verdict if it lacks an adequate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case No. 2:10-cv-2107 JVS (MLGx) | Date | June 13, 2012 |
| Title | Essociate, Inc. v. Direct ROI, Inc. | | |

foundation in the facts of the case.'" First Federal Lincoln Bank v. United States, 518 F.3d 1308, 1319 (Fed. Cir. 2008). (quoting Genmoora Corp. v. Moore Bus. Forms, Inc., 939 F.2d 1149, 1157 (5th Cir. 1991).

      Landau's declaration does not state a sufficient basis for his testimony about the Direct ROI software. (See Landau Decl. passim.) He provides a basis for his testimony about the '660 Patent (his inventorship), testifies about the technology of the patent, and then proceeds to state facts about Direct ROI's system such as "USA Car Cash has its own affiliate system." (Id. at ¶13.) Some of his declaration includes references to the Motion Brief infringement chart, which in turn cites to his declaration. (Id. at ¶¶ 12, 13, 29.) Other portions do reference certain attached exhibits, indicating reliance in part on these documents. (See e.g., Id. at ¶¶ 18, 21, 51, 52..) However, looking through the detailed infringement chart and the declaration, several paragraphs and elements provide no indication of what facts or data Landau utilized and no other provisions provide a general indication of those facts or data. (See e.g., Id. at ¶ 28; Mot. Br. 12, .) This does not allow the Court in its gate-keeping role to ensure that "an expert's testimony . . . rests on a reliable foundation." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). There may actually be sufficient foundation in the facts for this case, but the Court will not "paw over the files without assistance from the parties." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 775 (9th Cir. 2002 (quoting Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999)). Parties must designate specific facts in support of their position and provide the Court with their location in the record. Id.

      Accordingly, because the Essociate's infringement analysis primarily relies on Landau's declaration and the declaration is flawed, the Court cannot grant summary judgment on this record.

//
//
//
//
//

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | Case No. 2:10-cv-2107 JVS (MLGx) | Date | June 13, 2012 |
| Title | Essociate, Inc. v. Direct ROI, Inc. | | |

V.   CONCLUSION

For the foregoing reasons, the motion is DENIED. Additionally, the Court finds that oral argument would not be helpful on this matter and therefore vacates the June 18, 2012 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

|  |  | 00 | : | 0 |
|---|---|---|---|---|
| | Initials of Preparer | ag | | |